[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR TURNOVER ORDER
The plaintiff Yale New Haven Hospital obtained a money judgment in this case against the defendant Mark Giordano for $3692.67 on June 21, 1999.
Thereafter on August 17, 1999, the plaintiff applied to the clerk's office for a wage execution against the defendant, pursuant to Conn. Gen. Stat. § 52-361a(a). The clerk issued the wage execution directing the defendant's employer Quarry Paving Company to deduct the statutory amount from the defendant's weekly wages and remit that sum to the levying officer to satisfy the judgment.[1] When the plaintiff received no funds, the plaintiff requested that the court issue an order to show cause why a turnover order should not issue against the employer, pursuant to Conn. Gen. Stat. § 52-361a(g) and § 52-356b. The court set the hearing date for August 21, 2000. The Motion for Turnover Order and the Order for Notice and Hearing, signed by the court, were delivered to a deputy sheriff who was directed by counsel to serve them on what is listed in bold print as keeper of records or ErwinTrojanowski of Quarry Paving Company.
The problem is that the Order for Notice and Hearing were not served by the deputy sheriff on Erwin Trojanowski but rather on one Rebecca Brandroff who is identified in the sheriff's return as the "Bookkeeper and Treasurer of Company [sic]." Also delivered to her by the officer was a subpoena directing that the keeper of records or Erwin Trojanowski appear in court on the day of the hearing and bring records of the defendant's wages. Attached to the legal process that was served by the deputy sheriff was the following notice pursuant to Conn. Gen. Stat. § 52-356b: CT Page 11622
 NOTICE UPON SERVICE OF THIS ORDER, YOU MUST OBEY IMMEDIATELY. IF YOU FAIL TO OBEY, YOU MAY BE SUBJECT TO BEING HELD IN CONTEMPT OF COURT, ARRESTED, JAILED, AND HELD PERSONALLY RESPONSIBLE FOR ANY DAMAGES SUSTAINED AS A RESULT OF THE CONTEMPT INCLUDING THE PLAINTIFF'S ATTORNEY FEES.
The employer, though having been properly served, did not appear in court on August 21, 2000. There being no opposition to the plaintiff's Motion for Turnover Order, the court issued an order that the employer turn over "records of Mark Giordano's wages and hours from December 10, 1999 to the present to [the offices of] Tobin Melien, P.C. on or before September 18, 2000". Notice of that order was sent by regular mail from the clerk to all parties and to the employer on August 21, 2000.
September 18, 2000, has come and plaintiff's counsel reports that no records have been received in accordance with the court's order. The plaintiff asks the court for appropriate relief.
There is insufficient service of process directing any one individual to appear in court for the court to find an identifiable natural person in contempt or to issue a capias for failure to appear in response to the subpoena. The court is satisfied, however, that proper service has been made on the employer of the process ordering the employer to comply with the wage execution against the defendant and with the order to turn over the defendant's wage records.
The court finds that the employer did not comply with these valid orders of the court of which it had notice. Moreover the court finds that the employer had notice, by proper officer's service on an agent of the employer, that contempt was a risk for failure to comply with such orders of the court.
The court finds the employer Quarry Paving Company in contempt for failure to turn over wage records of the defendant to the plaintiff. The court enters an order that the employer be fined $16.00 per day for each day that the employer fails to turn over all previously ordered documentation on defendant's wages to the plaintiff's attorneys. The order is retroactive to September 18, 2000. Further the court orders that the employer pay a reasonable attorney fee to the plaintiff to be determined by the court once the employer is in compliance with the turnover order. The court directs that this order be served upon the employer Quarry Paving Company by a proper officer and a separate copy be CT Page 11623 served on Erwin Trojanowski and on Rebecca Brandroff. At such time as this order is served, it shall constitute notice of this judgment and order against the defendant's employer. Execution would then be stayed during the period of appeal. Thereafter upon request of the plaintiff, the clerk shall from time to time issue an execution against Quarry Paving Company for such sums as are due under this order.
This fine shall remain in effect until the court finds that the employer purges itself of the contempt. This fine is not a substitute for and shall be in addition to such sums as may be due from the employer in compliance with the underlying wage execution.
It is so ordered.
Patty Jenkins Pittman, Judge